IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ENRIQUE CAREAGA,**<br><br>Petitioner,<br><br>v.<br><br>**RON DAVIS, Warden,**<br><br>Respondent. | Case No. 1:14-cv-01986 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 10]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Krista L. Pollard, of the Office of the Attorney General for the State of California.

**I.      BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Merced, upon pleading no contest to assault with a semiautomatic firearm, infliction of cruel or inhuman corporal punishment on a child, child endangerment, and various enhancements. People v. Careaga, 2011 Cal. App. Unpub. LEXIS 7553, 1-2 (Oct. 3, 2011). On November 2, 2010, Petitioner was sentenced to a determinate prison sentence of 16 years and 8 months. Id.

Starting in 2013, Petitioner filed petitions for writ of habeas corpus in state courts challenging the California Department of Corrections and Rehabilitation's (CDCR) denial of sentence reducing credits. (See Mot. to Dismiss, Exs. 1-11, ECF No. 10.) Upon attempting to exhaust his state court remedies, Petitioner filed the present petition with this Court on December 12, 2014. (Pet., ECF No. 1.)

On February 25, 2015, Respondent filed a Motion to Dismiss the petition on the grounds that Petitioner had failed to exhaust his state remedies and that his claims fail to raise cognizable federal questions entitling Petitioner for relief. (Mot. to Dismiss, p. 1.) Petitioner filed an opposition to the motion on April 13, 2015, and Respondent filed a reply on April 20, 2015. (ECF Nos. 13-14.)

In the present petition, Petitioner challenges Respondent's failure to provide him with more post-sentence credits to reduce the length of his sentence. Petitioner asserts that the failure to provide him post-sentence credits violated his Equal Protection rights as some prisoners earned credits while some did not, that the failure to provide him the opportunity to earn credits violated his Due Process rights under Wolff v. McDonnell, 418 U.S. 539, 563-70, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), and that Respondent violated Petitioners rights by breaching the terms of the contractual obligation to provide the credits on which Petitioner detrimentally relied.

**II.     DISCUSSION**

    **A.     Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

### B.  Exhaustion of State Remedies

First, Respondent contends that the petition should be dismissed without prejudice for Petitioner's failure to exhaust his state court remedies. For the sake of judicial efficiency, the Court will not address whether Petitioner's claims were exhausted, but instead review whether Petitioner has presented federally cognizable claims. See 28 U.S.C. § 2254(b)(2) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### C.  Equal Protection

Petitioner contends his equal protection rights have been violated because CDCR arbitrarily and automatically gives some violent and serious felons the waiver and allows them to earn half-time credits, while refusing to give such a waiver to others.

The Supreme Court has held that the equal protection clause means "that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985); Clark v. California, 123 F.3d 1267, 1270 (9th Cir. 1997). The first step in any equal protection analysis is to identify Petitioner's classification or group. Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995). Petitioner must show that the law has been applied in a discriminatory manner on him or imposes different burdens on different groups. Id.; Christy v. Hodel, 857 F.2d 1324, 1331 (9th Cir. 1988). The second step requires the Court to determine the level of scrutiny with which

the Court should review the statute. Freeman, 68 F.3d at 1187. Discrimination on the basis of race or national origin and discrimination that affects fundamental rights are subject to strict scrutiny. Clark v. Jeter, 486 U.S. 456, 461, 108 S.Ct. 1910, 1914, 100 L. Ed. 2d 465 (1988). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. City of Cleburne v. Cleburne Living Center, 473 U.S. at 440. A heightened standard of review is applied only "when a statute classifies by race, alienage, or national origin" or infringes on fundamental rights guaranteed by the Constitution. Id.

By contrast, classifications that do not involve a suspect class or fundamental right are subject to the rational relationship test and accorded a strong presumption of validity. Heller v. Doe by Doe, 509 U.S. 312, 319, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993). Rational basis review "is not a licence for courts to judge the wisdom, fairness, or logic of legislative choices." Id. (citations omitted). The classification must be upheld if there is any "reasonably conceivable state of facts that could provide a rational basis for the classification." Id. (citations omitted). The burden is on the "one attacking the legislative arrangement to negate every conceivable basis which might support it." Id. (citations omitted). Petitioner has not alleged that his classification a suspect class or a fundamental right. Therefore, review of his Equal Protection claim is subject to the rational basis test.

The California Legislature has mandated that the CDCR require every able-bodied prisoner to work "as many hours of faithful labor in each day and every day during his or her term of imprisonment" as provided in the Department's rules and regulations. Cal. Penal Code § 2700; Cal. Code Regs. tit. 15, § 3040, subd. (a). Work-time credits are a privilege not a right. Cal. Penal Code § 2933.

Under California Penal Code section 2933, inmates may earn day-for-day credits for full-time performance in a qualifying work, training or education program. However, under California Penal Code section 2933.1, "notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue

4

no more than 15 percent of worktime credits, as defined in section 2933." Petitioner's conviction for use of a firearm under California Penal Code § 12022.5(A) is a violent offense listed under Section 667.5. See Cal. Penal Code § 667.5(c)(8). Because Petitioner was convicted of use of a firearm, he may not reduce his sentence by more than fifteen percent. Cal. Penal Code § 2933.1.

Petitioner is unable to establish a violation of equal protection based on the above statutory scheme. Although Petitioner argues that he is forced to work and should earn day-for-day credits accordingly, the statutory scheme serves numerous interests and advances legitimate goals. Inmates are required to work so that they will develop job skills and a work ethic, thereby improving their chances for reintegration into society. People v. Goodloe, 37 Cal.App.4th 485, 488, 44 Cal. Rptr. 2d 15 (1995).

Moreover, the manifest purpose of California Penal Code section 2933.1 is to limit conduct credits for violent felons. As the California courts have explained, "[s]ection 2933.1 … is an expression of the Legislature's desire to delay the parole of violent felons … and is intended to identify 'violent felonies' and to single them out for special consideration 'when imposing a sentence to display society's condemnation for these extraordinary crimes against the person." People v. Ramos, 50 Cal.App.4th 810, 816, 58 Cal. Rptr. 2d 24 (1996). This credit limitation is therefore intended to protect the public from dangerous offenders who might otherwise be released on parole on an earlier date. People v. Van Buren, 93 Cal.App.4th 875, 880, 113 Cal. Rptr. 2d 510 (2001) (citations omitted), disapproved on other grounds in People v. Mosby, 33 Cal.4th 353, 365 n.3, 15 Cal. Rptr. 3d 262, 92 P.3d 841 (2004). "By limiting custody credits for defendants convicted of violent felonies, section 2933.1 complements the purpose of the Three Strikes law to ensure longer prison sentences for those who commit serious or violent felonies." Id. (citations omitted).

Based on the foregoing, the California statutory scheme serves to advance the legitimate goals of public safety and therefore does not violate the Equal Protection Clause. See e.g., McQueary v. Blodgett, 924 F.2d 829, 834-835 (9th Cir. 1991) (finding

no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system).

Petitioner's claim that the two groups of persons, i.e. prisoners who are not eligible for day-for-day credits are still receiving them, and prisoners who are also not eligible for day-for-day credits that are working but are not being given the credits, is a violation of his equal protection rights, is without merit.

**D.     Governmental or Equitable Estoppel**

Petitioner next asserts that Respondent should be estopped from denying him earned good time credits. Petitioner's claim is without merit.

First, the Supreme Court has not yet decided "whether an estoppel claim could ever succeed against the government." Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 423, 110 S. Ct. 2465, 110 L. Ed. 2d 387 (1990). Instead, the Supreme Court has only stated, "it is well settled that the Government may not be estopped on the same terms as any other litigant." Heckler v. Cmty. Health Servs. of Crawford County, Inc., 467 U.S. 51, 60, 104 S. Ct. 2218, 81 L. Ed. 2d 42 (1984). Until the Supreme Court definitively states the government can be estopped, a state court's refusal to estop the government is neither contrary to nor an unreasonable application of clearly established federal law.

Second, Petitioner does not satisfy the threshold requirements for maintaining an equitable estoppel claim against the government. Petitioner must show the government engaged in "affirmative misconduct" and that the misconduct "will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." Watkins v. United States Army, 875 F.2d 699, 707 (9th Cir. 1989) (en banc) (internal quotations omitted). To commit "affirmative misconduct," the government must engage in an "affirmative misrepresentation or affirmative concealment of a material fact[.]" Carrillo v. United States, 5 F.3d 1302, 1306 (9th Cir. 1993); accord Meinhold v. United States Dep't of Defense, 34 F.3d 1469, 1475 (9th Cir. 1994). This misrepresentation or concealment must rise to the level of "ongoing active

6

misrepresentations" or "pervasive pattern of false promises," rather than simply "an isolated act of providing misinformation [.]" Purcell v. United States, 1 F.3d 932, 940 (9th Cir. 1993); S & M Inv. Co. v. Tahoe Reg'l Planning Agency, 911 F.2d 324, 329 (9th Cir. 1990). Affirmative misconduct does not include "the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation[.]" Sulit v. Schiltgen, 213 F.3d 449, 454 (9th Cir. 2000).

Having reviewed the documents submitted in support of the petition, the Court finds Petitioner has not shown that Respondent engaged in affirmative misconduct. Assuming Petitioner's assertions as true, Respondent mistakenly determined Petitioner's credit earning capacity upon his admission to the CDCR. However, upon discovery, he corrected the error. (Pet., ECF No. 1 at 47-50.) The Court finds this isolated incident does not establish "ongoing active misrepresentations" or a "pervasive pattern of false promises" required for an equitable estoppel claim. Furthermore, any purported "misconduct" by Respondent did not work a "serious injustice" against Petitioner, who was statutorily foreclosed from obtaining the additional behavioral credits he seeks.

Third, Petitioner's claim similarly fails because "estoppel against the government is unavailable where petitioner[] ha[s] not lost any rights to which [he] was entitled." Sulit, 213 F.3d at 454; accord Morgan v. Gonzales, 495 F.3d 1084, 2007 WL 2127707 (9th Cir. 2007). As explained supra, California law did not entitle petitioner to post-sentence behavioral credits and instead limited petitioner to credits totaling 15% of his sentence. Petitioner does not claim he was deprived of those 15% credits, i.e., the amount of credits to which California law entitles him. Therefore, Petitioner has not suffered a cognizable loss to justify government estoppel.

Finally, Petitioner's reliance on In re Monigold, 205 Cal.App.3d 1224, 253 Cal. Rptr. 120 (1988), in support of his claim that CDCR is prohibited under equitable estoppel principles from denying him day-for-day credits, is misplaced. In Monigold, the petitioner was serving an indeterminate term of 15 years to life for second degree murder. The California Department of Correction erroneously allowed him to earn day-

for-day worktime credits pursuant to section 2933 and a waiver was signed. Petitioner's minimum eligible parole date was recalculated and reflected a cut of 26 months. In re Monigold, 205 Cal.App.3d at 1226. In April 1987, after earning day-for-day worktime credits for four years, the Attorney General informed the Department of Corrections that it erred in allowing the petitioner to participate in the worktime credit program, given the Attorney's General's conclusion that state prisoners serving indeterminate sentences of 15 years to life were ineligible for worktime credits under section 2933. As a result, the petitioner's worktime credits were revoked and a new minimum eligibility parole date was recalculated. Id. at 1226-1227. Based on principles of equitable estoppel, the California Court of Appeal held that the state was estopped from revoking the petitioner's earned credits because he worked under that program in good faith and in reliance on his early release date for four years. Id. at 1230-1231.

To the extent Petitioner relies on the California equitable estoppel principles discussed in Monigold, he has failed to state a cognizable federal claim. To present a claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Federal habeas relief is not available for an alleged error in the interpretation or the application of state law. See 28 U.S.C. § 2254(a); Estelle, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385.

Finally, even if this Court were liberally construe the Petitioner's claim as a Contract Clause claim under the United States Constitution, it fails. It is clearly established that "no contractual obligation may be enforced against a public agency unless it appears the agency was authorized by the Constitution or statute to incur the obligation; a contract entered by a governmental entity without the requisite constitutional or statutory authority is void and unenforceable." Miller v. Rowland, 999 F.2d 389, 392 (9th Cir. 1993) (internal quotation omitted). In this case, California Penal Code section 2931 makes it clear that the CDCR had no authority to promise or award credits to Petitioner. Thus, this Court is precluded from enforcing any contract between

the CDCR and Petitioner regarding such credits.

### III. CONCLUSION

In sum, Petitioner has not presented cognizable claims. Further, to the extent that this Court construed Petitioner's claims as potentially cognizable claims, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established law. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 412-13. The Court therefore recommends that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed.

### IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to state a federally cognizable claim be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: June 26, 2015 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28