IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ENRIQUE CAREAGA,** | Case No. 1:14-cv-01986-AWI-MJS |
| Petitioner, | **ORDER DENYING MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY** |
| v. | |
| **RON DAVIS, Warden,** | **(Doc. 20)** |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

On September 9, 2015, this Court dismissed the petition and declined to issue a certificate of appealabilty. (Order, ECF No. 17.) Judgment was entered the same day.

Despite the fact that the Court declined to issue a certificate of appealability when denying the petition, on September 28, 2015, Petitioner filed a motion requesting the Court issue such a certificate. (ECF No. 20.)

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition; an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining

whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

On September 9, 2015, this Court dismissed Petitioner's petition with prejudice and declined to issue a certificate of appealability. The Court based its dismissal on the reasoning set forth in the detailed findings and recommendation issued by the Magistrate Judge on June 26, 2015. In doing so, the Court determined that the state court was not unreasonable in dismissing Petitioner's two claims for relief based on

equal protection and estoppel. Upon review of the reasoning set forth by the Magistrate Judge and adopted by this Court, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. The Court again finds that Petitioner has not made the required substantial showing of the denial of a constitutional right.

Accordingly, the Court DENIES the motion, and again DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   March 25, 2016                           _____
                                                                SENIOR DISTRICT JUDGE